THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State, Respondent,
v.
Naomi Bonnie Adams, Appellant.
 
 
 

Appeal From Colleton County
Thomas W. Cooper, Jr., Circuit Court
 Judge

Unpublished Opinion No.  2011-UP-547
Submitted December 1, 2011  Filed
 December 6, 2011

AFFIRMED

 
 
 
Appellate Defender Elizabeth A. Franklin-Best, of Columbia, for
 Appellant.
Attorney General Alan Wilson, Chief Deputy Attorney General John
 W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Mark R. Farthing, all of Columbia; and Solicitor Isaac McDuffie
 Stone, III, of Bluffton, for Respondent.
 
 
 

PER CURIAM: Naomi
 Bonnie Adams appeals her conviction for neglect of a vulnerable adult resulting
 in great bodily injury.  On appeal, Adams contends the trial court erred in denying her motion for a directed
 verdict because the State failed to present any evidence regarding the standard
 of care necessary for a diabetic with a brain tumor and the State failed to
 present any evidence the ostensive neglect caused the victim to suffer great
 bodily injury.  Adams also argues the trial court erred in allowing the State to introduce photographs of the victim
 that were unduly prejudicial and not supported by medical testimony.  We affirm.[1] 
1.  We
 find the trial court did not err in denying Adams's motion for a directed
 verdict on both grounds.  See State v. Weston, 367 S.C. 279, 292,
 625 S.E.2d 641, 648 (2006) (stating that when ruling on a motion for a directed
 verdict, the trial court is concerned with the existence or nonexistence of
 evidence, not its weight); id. at 292-93, 625 S.E.2d at 648 (finding the
 case was properly submitted to the jury if the appellate court finds any direct
 evidence or any substantial circumstantial evidence reasonably tending to prove
 the guilt of the accused); S.C. Code Ann. § 43-35-85(E) (Supp. 2009) ("A
 person who knowingly and willfully abuses or neglects a vulnerable adult
 resulting in great bodily injury is guilty of a felony and, upon conviction,
 must be imprisoned not more than fifteen years.");  S.C. Code Ann. §
 43-35-10(6) (Supp. 2009) (defining neglect as "the failure or omission of
 a caregiver to provide the care, goods, or services necessary to maintain the
 health or safety of a vulnerable adult including, but not limited to, food,
 clothing, medicine, shelter, supervision, and medical services").  Here,
 evidence exists that Adams committed neglect of a vulnerable adult based on the
 statutory definition of neglect, which does not require the showing of a
 standard of care supported by expert medical testimony.  Evidence shows Adams
 failed to provide the victim adequate clothing and failed to monitor her
 glucose level or fluid intake, leading to hospitalization.  The combination of
 hypertension, dehydration, and low blood sugar was serious enough to result in
 an extended stay in the intensive care unit.  Accordingly, because the evidence
 presented supports the trial court's decision to submit the case to the jury,
 the trial court did not err in denying Adams's directed verdict motion.  
2.  We find the
 trial court did not abuse its discretion in allowing the State to introduce photographs of the victim.  See State v. Torres, 390 S.C.
 618, 622-23, 703 S.E.2d 226, 228 (2010) ("The relevance, materiality, and
 admissibility of photographs are matters within the sound discretion of the
 trial court and a ruling will be disturbed only upon a showing of an abuse of
 discretion." (citation and quotations omitted)); id. at 623, 703
 S.E.2d at 229 ("It is well settled in this state that [i]f the photograph
 serves to corroborate testimony, it is not an abuse of discretion to admit
 it." (citation and quotations omitted)).  The photographs the trial court allowed were corroborative of the
 testimony regarding the victim's condition.  Thus, the trial court did not
 abuse its discretion.  
 AFFIRMED.   
 FEW,
 C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.